# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| STEVE THIEME,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>DIANE E. COBB, INDIVIDUALLY, AND DBA DM FINANCIAL, AKA DIANE WINEGARDNER; SLOANE DAVIS INDIVIDUALLY AKA SLOAN DAVIS, AND DBA DM FINANCIAL AKA FINANCIAL Dm; VANDYK MORTGAGE CORPORATION; and DOES 1-100, INCLUDING ROE CORPORATIONS,<br><br>　　　　　　Defendants.<br>_____/ | No. C 13-3827 MEJ<br><br>**ORDER RE PLAINTIFF'S APPLICATION FOR SERVICE BY PUBLICATION**<br>**(Dkt. No. 32)** |

## INTRODUCTION

Pending before the Court is Plaintiff's Application to Serve Defendants Diane Cobb and Sloane Davis by Publication. Dkt. No. 32. On October 24, 2013, the Court ordered supplemental briefing on this issue. Dkt. No. 33. The matter is also set for hearing on Defendant's Motion to Dismiss on Thursday, October 31, 2013. Accordingly, the Court will also address Plaintiff's Application at that time. In advance of the hearing, the Court issues additional questions listed below, which Counsel should be prepared to address at Thursday's hearing in accordance with the legal standards provided herein.

## BACKGROUND

On August 16, 2013, Defendant Van Dyk Mortgage removed this action from San Francisco Superior Court. Dkt. No. 1 ("Notice of Removal"). In its Notice of Removal, Van Dyk indicated that Defendants Diane Cobb and Sloane Davis did not join in the removal because they could not be located and had not been served with the Complaint. *Id.* at 3. On September 24, 2013, the Court

ordered Plaintiff Steve Thieme to file a status statement indicating whether he had effected service of process on Defendants Cobb and Davis, or if he intended to dismiss them from this lawsuit. Dkt. No. 19. The next day Plaintiff filed a status statement in the form of a declaration from his counsel, Stephen A. Fraser ("Counsel"), informing the Court that Plaintiff would not be dismissing Defendants Cobb and Davis, but that he had thus far been unable locate them. Dkt. No. 22, ¶¶ 2, 4. Counsel documented his efforts up to that point to locate Diane Cobb and Sloane Davis and submitted affidavits of due diligence from attempting to locate them in another case, *Marvin Scott & Patricia Scott v. Diane Cobb, individually, and dba DM Financial, AKA Diane Winegardner, et al.* (Marin County Superior Court, Civ. No. 1301303). Dkt. No. 22 & Exs. 1-5. Counsel also noted that he went to Las Vegas on September 7, 2013, to locate Ms. Cobb at her last reported address, 3013 Periscope Circle, Las Vegas, but was informed by the resident, Mr. Abramov, that Ms. Cobb and her husband had been tenants there for three months, from approximately March through June, and then had left the premises, leaving no forwarding address and having failed to pay rent for three months. *Id.* ¶ 6.

On October 21, 2013, Plaintiff filed an Application to Serve by Publication of Summons to Defendants "Diane Cobb aka DM Financial and also known as Diane Winegardner, and Sloane Davis aka 'DM Financial' and/or 'Financial Dm'" (collectively "Defendants"). Dkt. No. 32 ("Appl."). Specifically, Plaintiff requested the Court give him permission to serve Defendants by publication of the summons in the Las Vegas Sun, which Plaintiff stated "is most likely to give actual notice to Diane Cobb and Sloane Davis." *Id.* ¶ 6; *see also id.* at *3 (Proposed Order). Plaintiff stated that he had exercised "extraordinary diligence in seeking to serve the defendants," resubmitting the affidavits of diligence from the *Scott* case showing Plaintiff's earlier efforts to locate Defendants in Las Vegas, Nevada. *See* Appl., Exs. 1-6. The Exhibits show that service was attempted in the *Scott* case on Defendant Cobb on at least six different days, from April 17, 2013 to May 5, 2013. *Id.*, Exs. 3-6. Ms. Cobb was eventually served by substituted service in the *Scott* case, which included leaving the documents with a competent member of the household at the Periscope Ct. address on April 30, 2013 and mailing copies to the same address on May 7. *Id.*, Ex. 3. The *Scott* plaintiffs also attempted to

2

serve Defendant Davis on April 17, at two locations in Las Vegas, but were unable to locate him. *Id.*, Exs. 1-2.  Plaintiff has stated that Defendants "are believed to be still residing in the Las Vegas area." *Id.* ¶ 2.

On October 24, 2013, the Court ordered supplemental briefing, noting that Plaintiff's Complaint indicated that Defendants had substantial ties to Marin County, California, but that Plaintiff's efforts to locate Defendants focused on Las Vegas, Nevada.  Dkt. No. 33.  Plaintiff responded with a declaration from Mr. Fraser stating that he had gone to the County's Registrar of Voters and found that Defendants were not shown as voters in the Registrar's computer system.  Dkt. No. 34, ¶ 3.  Likewise, he found no property in Defendants' names through a search at the Marin County Assessor-Recorder's Office.  *Id.* ¶¶ 4, 6.  Counsel's search of the National Mortgage Listing System (NMLS) only showed that Ms. Cobb abandoned her licenses in all states, while Mr. Davis was not licensed as an accountant or mortgage broker or originator, anywhere.  *Id.* ¶ 11.  Mr. Fraser further declared that he personally checked on the addresses of the VanDyk/Cobb/Davis offices in Marin County, but none remained in Mill Valley, Larkspur, or Novato, California.  *Id.* ¶ 10.  He declared he is presently unable to locate Defendants in Marin County, or in the State of California.  *Id.* ¶ 12.  He also queried his clients and all aver that Defendants' last residence addresses were in Las Vegas.  *Id.* ¶ 7.

Plaintiff and Counsel are currently pursuing a lead on Ms. Cobb in New Paris, Ohio, and have hired a private investigation firm.  *Id.* ¶ 13.  Counsel has also been in contact with the Federal Bureau of Investigation about the Defendants, but with no new leads at present.  *Id.* ¶ 14.  Plaintiff is scheduled to depose Defendant Cobb's stepson, Anthony Richard Cobb, on November 8, 2013 in San Rafael, California, to test his earlier statements to Counsel that Defendants moved to Las Vegas, but that he has not been in contact with Defendants for the last year and does not know where Defendants are presently residing.  *Id.* ¶ 5.  Counsel has also compiled a list of addresses of close relatives of Ms. Cobb living throughout the United States, and he explained that he will begin calling each to locate Ms. Cobb, although he does not anticipate much cooperation.  *Id.* ¶ 15.

Finally, Counsel acknowledged that "it may be appropriate to publish the summonses" to

Defendants "in both Las Vegas and Marin County, in which case the Independent Journal in Marin County, which is read by most readers in Marin County, and the Las Vegas Review Journal[1] in Las Vegas are the newspapers with the largest circulation in those areas, respectively." *Id.* ¶ 16.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual may be effected in any judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The goal of Rule 4 is to "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citation omitted). Due Process requires that any service of notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Rule 4(e)(1), the Court looks to California law, the state in which this Court sits, to determine the sufficiency of the proposed service. Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that

---

[1] Plaintiff noted that the earlier referenced Las Vegas Sun refers all queries to the Review Journal. Dkt. No. 34, ¶ 16.

4

> . . . (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50(a). "Because of due process concerns, service by publication must be allowed only as a last resort." *Duarte v. Freeland*, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (internal quotations and citations omitted).

In determining whether a plaintiff has exercised "reasonable diligence" for purposes of section 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 (1995). Some courts, including this one, have ordered both service by email and by publication "out of an abundance of caution." *Aevoe Corp. v. Pace*, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011). The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad . . . avenues" have been properly exhausted to warrant service by publication. *Donel*, 87 Cal. App. 3d at 333.

Furthermore, in considering motions to allow service by publication, "California law is clear that an affidavit is required, not merely a declaration." *Bell-Sparrow v. Wiltz*, 2013 WL 2146574, at *2 (N.D. Cal. May 15, 2013) (finding that while plaintiff made reasonable efforts, such as purchasing a "find person" report, attempting personal service on a last known address, and attempting service by mail, these efforts fell short of diligent search required by § 415.50(a) to warrant the last-resort measure of summons by publication). An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." *Id.* (citing Black's Law Dict., Ninth Ed.). "Given the serious due process concerns raised by permitting service through publication," failure to submit an affidavit sworn and attested to by a notary public demonstrating that Plaintiff exercised "reasonable diligence" for purposes of section 415.50(a) is not quickly excused. *Bell-Sparrow*, 2013 WL 2146574, at *2. Finally, "attempts at personal service, search,

affidavits, and the court's order for publication must [ ] follow in reasonably quick succession so that they would relate to the conditions at the time of publication." Judicial Council Comment to Cal. Code Civ. Proc. § 415.50(a) (citing *Forbes v. Hyde*, 31 Cal. 342, 350 (1866)).

## QUESTIONS

Based on the foregoing, the Court issues the following questions for Counsel to address at the hearing:

1. Has Plaintiff taken any efforts to *serve* Defendant Cobb or Davis *in this case*, as opposed to attempting service in other cases? If so, when and by what manner were those efforts effected?

2. Has Plaintiff hired a professional process server to locate Defendant Cobb or Davis in California?

3. Has Plaintiff attempted to locate Defendant Cobb through her former attorney, Mr. Parviz Heshmati? *See* Compl., at *10-11.

4. Is Plaintiff aware of any email addresses presently or formerly used by either Defendant Cobb or Defendant Davis?

5. Much of Plaintiff's efforts are focused on locating Defendant Cobb, including compiling contact information for her close relatives. Have any such efforts been taken to locate Defendant Davis?

6. Through an informal Google search, the Court has found an entry on ChamberOfCommerce.com with an address for DM Financial at 45 Camino Alto in Mill Valley, California 94941, listing Sloane Davis as the Manager. What efforts have been used to locate Defendants through DM Financial? Has Plaintiff attempted to locate or serve Defendants at this address?

**IT IS SO ORDERED.**

Dated: October 30, 2013

_____
Maria-Elena James
United States Magistrate Judge

6