UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE THIEME,<br><br>    Plaintiff,<br><br>  v.<br><br>DIANE M. COBB, et al.,<br><br>    Defendants. | Case No. 13-cv-03827-MEJ<br><br>**ORDER GRANTING MOTION TO TAKE THE DEPOSITION OF DEFENDANT PAUL SLOANE DAVIS** |
| CYNTHIA CHENAULT,<br><br>    Plaintiff,<br><br>  v.<br><br>DIANE M. COBB, et al.,<br><br>    Defendants. | Case No. 13-cv-03828-MEJ |
| LEWIS HAYNES,<br><br>    Plaintiff,<br><br>  v.<br><br>DIANE E. COBB, et al.,<br><br>    Defendants. | Case No. 15-cv-02455-MEJ |

The Plaintiffs in these three related cases, Steve Thieme, Cynthia Chenault, and Lewis Haynes, have each filed a motion for leave to take the deposition of Defendant Paul Sloane Davis, who is currently a prisoner at the Duluth Federal Correctional Prison in Duluth, Minnesota. Dkt. No. 130. No opposition has been received and the Court therefore finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

Plaintiffs' cases arise out of a "bridge mortgage" business operated by Davis and Defendant Diane E. Cobb known as D.M. Financial. Through D.M. Financial, Plaintiffs made

1   investments in short term, high interest bridge loans between the years 2007 and 2012.  Plaintiffs

2   allege their investments were stolen by Cobb and Davis, whose fraudulent activities were exposed

3   after D.M. Financial's investment scheme collapsed in mid-2012.  Both Cobb and Davis pled

4   guilty to charges of wire fraud, identify theft, and fraud, and are now incarcerated.  During this

5   time, Cobb was also an employee of Defendant VanDyk Mortgage Corporation ("VanDyk", and

6   Plaintiffs also bring allegations against VanDyk based on its alleged negligent conduct in hiring

7   and supervising Cobb.  Plaintiffs have taken the deposition of Cobb and now seek to depose Davis

8   pursuant to Federal Rule of Civil Procedure 30(a)(2)(B).

9         The deposition of a person confined in prison may be taken only with leave of court and

10  consistent with Federal Rule of Civil Procedure 26(b)(1) and (2).  Fed. R. Civ. P. 30(a)(2).  "The

11  court should grant leave to depose an incarcerated witness unless the objecting party shows that:

12  (1) the deposition would be unreasonably cumulative or duplicative; (2) the party seeking the

13  deposition has had ample opportunity to obtain the information sought; or (3) the burden or

14  expense of the deposition outweighs its likely benefit."  *Williams ex rel. Williams v. Greenlee*, 210

15  F.R.D. 577, 579 (N.D. Tex. 2002) (citing Fed. R. Civ. P. 26(b)(2); *Christy v. Penn. Turnpike*

16  *Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995)).

17        Plaintiffs have set forth good cause to permit Davis's deposition.  Specifically, Plaintiffs'

18  counsel has provided a declaration attesting that Davis's prison term is for at least 36 months and

19  he is in possession of information that is potentially relevant to this case, including (1) his

20  relationship with D.M. Financial and Cobb; (2) the inducements to invest made to Plaintiffs and

21  others; (3) the relationship between Cobb and VanDyk; (4) the nature of the relationship between

22  D.M. Financial and VanDyk; (5) the office-sharing arrangements by and with VanDyk, Cobb,

23  D.M. Financial, and Davis; (6) payments to Davis by Cobb; and (7) the scope and nature of D.M.

24  Financial's business before and after VanDyke hired Cobb.  Thus, under Rule 30(a)(2), Plaintiffs

25  have a right to depose Davis in order to gather information that is central to their cases.  Further,

26  courts generally grant leave for such depositions freely, as long as the deposition can be conducted

27  without undue imposition on prison authorities.  *El Camino Res., Ltd. v. Huntington Nat. Bank*,

28  2009 WL 1228680, at *1 (W.D. Mich. Apr. 30, 2009).  Accordingly, the Court **GRANTS**

United States District Court
Northern District of California

Plaintiffs' motions.

Officials at the prison where Davis is incarcerated shall allow for Plaintiffs to depose him at dates and times that are mutually convenient for the parties and the prison, but no later than May 27, 2016. The prison shall provide appropriate security personnel and a reasonable space for the deposition, allowing room for the presence of the parties' counsel, a stenographer or court reporter, Davis, and the security personnel. *See, e.g.*, *Edward/Ellis v. New United Motors Mfg. Inc.*, 2008 WL 4712602, at *2 (N.D. Cal. Oct. 22, 2008).

**IT IS SO ORDERED.**

Dated: April 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge